UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LISA N.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:20cv449 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, supra at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 11,

2

2019, the application date (20 CFR 416.971 *et seq*.).

The claimant has the following severe impairments: obesity; plantar fasciitis of the left foot; pronation deformity of both feet; degenerative disc disease of the lumbar spine with spondylosis and radiculopathy; internal derangement of left knee; bipolar disorder and unspecified anxiety disorder (20 CFR 416.920(c)).

2. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

3. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 416.967(a). The claimant can lift, carry, push and pull 10 pounds maximum and lesser weights occasionally as per the definition in 416.967(a)). The claimant can stand/walk two hours total in an eight-hour workday and no more than 15 minutes at one time; she can sit for six hours in an eight-hour workday; she can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; no concentrated exposure to wetness, slippery surfaces, dangerous/uneven terrain or unprotected heights. Further, the claimant can understand, remember, carry out instructions, and exercise judgment to perform simple tasks; limited to routine and repetitive work defined as performing essentially the same tasks in the same place every day; no assembly line-paced or piece-rate work, but can achieve end-of-day productivity goals; occasional interaction with the public, but nothing more involved than answering a discrete question, such as the location of an item in a store or room in hotel and occasional interaction with co-workers, but no tandem work or team tasks.

4. The claimant is unable to perform any past relevant work (20 CFR 416.965).

5. The claimant was born on March 19, 1975 and was 43 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

6. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

7. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      8.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

      9.      The claimant has not been under a disability, as defined in the Social Security Act, since February 11, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17-27).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on July 20, 2021. On August 31, 2021 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

Plaintiff was born in 1975 (Tr. 26). She applied for SSI, based on disability, on February 11, 2019 (Tr. 15), when she was 43 years old (Tr. 26). She alleged that she was disabled by problems with her low back and left foot, bipolar depression, and anxiety (Tr. 215).

The relevant period of time in this judicial review is from February 11, 2019 (when Plaintiff applied for SSI) through June 10, 2020 (the date of the ALJ's decision). This is the period addressed by the ALJ's decision that is the subject of this judicial review (*see* Tr. 27).

During the relevant period, Plaintiff was diagnosed with and treated for plantar fasciitis in the left foot (Tr. 718, 704). She had foot surgery in March 2019 (Tr. 742), reported some improvement (Tr. 766, 762, 752), underwent physical therapy, and reported resolution by January 2020 (Tr. 796).

Plaintiff was also treated for back pain. Just before the relevant period, in November 2018, Dr. DeSchepper reported that Plaintiff's back pain was "under control currently" and that an MRI earlier that year showed "no surgical or significant abnormalities" (Tr. 371). In February 2019, Dr. DeSchepper prescribed an increased dose of medication (gabapentin) at Plaintiff's request (Tr. 836-37). Plaintiff "noticeably improved" by May 2019 (Tr. 829), but she later stopped taking the medication altogether, without first consulting with Dr. DeSchepper, "because it made her drowsy. She prefers to be without it. She also stopped her Mobic. She states that her back pain has gone from mild to minimal to moderate in severity but she would prefer to stay without the medication" (Tr. 822). Subsequent examinations noted Plaintiff's

5

complaints of back pain, yet revealed no physical abnormalities (Tr. 826, 819, 811-12).

Plaintiff was also seen for her mental health problems. In May 2019, psychologist Dr. O'Danovich, Ph.D., evaluated Plaintiff (Tr. 777-79) and diagnosed a moderate bipolar disorder (Tr. 779). Dr. O'Danovich did not formally opine as to mental functional limitations, but noted Plaintiff's contradictory statements that bipolar disorder prevented her from working but that her mental health medications "had 'mellowed her totally' and that she was doing much better" (Tr. 779). In February 2020, nurse practitioner Weir saw Plaintiff, for the first time, for medication management (Tr. 872). NP Weir noted Plaintiff's history of mental health problems and psychotropic medications and her mental health complaints (Tr. 872). NP Weir provisionally diagnosed moderate bipolar disorder, by history, "pending ongoing assessment" (Tr. 874).

In suppport of remand, Plaintiff first argues that, with respect to her mental impairments, the ALJ incorrectly found that Plaintiff suffered from no more than moderate limitations. Plaintiff contends that she suffers from marked limitations in at least two functional areas: remembering or applying information and concentrating, persisting, or maintaining pace.

The regulations describe a preliminary analysis (also known as a "special technique") for evaluating the severity of a claimant's mental impairments. 20 C.F.R. § 416.920a(a). This analysis looks at "four broad functional areas," *i.e.*, "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 416.920a(c)(3). These areas are rated as "None, mild, moderate, marked, and extreme." 20 C.F.R. § 416.920a(c)(4).

In the present case, the ALJ found that Plaintiff had moderate limitations in the areas of "[u]nderstand, remember, or apply information" and of "concentrate, persist, or maintain pace"

6

(Tr. 18). The Commissioner argues that substantial evidence supported the ALJ's findings. The Commissioner points out that State agency psychologists Drs. Larsen and Gange each had opined that Plaintiff had only mild limitations in those areas (Tr. 82-83, 97). But the ALJ noted the evidence of poor judgment and insight (Tr. 18; Tr. 748-49, 410, 413). The ALJ also noted problems with concentration and memory (Tr. 18; Tr. 778). The ALJ resolved the conflicting evidence by finding that Plaintiff had moderate limitations in these broad functional areas.

Plaintiff argues that NP Harmon's report supported marked (instead of moderate) limitations in her abilities to understand, remember, or apply information, and to concentrate persist, or maintain pace. As the Commissioner points out, Plaintiff's argument is moot. Plaintiff has not explained how the alleged error harmed her. To the extent that Plaintiff is attempting to argue that she was presumptively disabled under the Listing of Impairments, *see* 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00.A.2.b (explaining how the four broad functional areas are used in some Listings), Plaintiff has not made such an argument.[2] Plaintiff has not claimed presumptive disability under any specific Listing, has not explained how she met the discrete criteria of any Listing, and has not offered any cogent theory of how she might have met the criteria of any Listing. *See Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority); *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998) (issues not raised in initial district court brief are waived).

Moreover, even assuming that Plaintiff's alleged marked limitations could have made a difference in the outcome of this case, Plaintiff's reliance on NP Harmon's opinion is unavailing.

---

[2] In fact, Plaintiff's entire discussion/argument regarding her mental impairments consists of one 7-line paragraph in her opening brief. Plaintiff did not file a reply rebutting the Commissioner's arguments.

To the extent that NP Harmon's opinion could be interpreted as supporting marked limitations in understanding, remembering, or applying information, and in concentration, persistence, or maintaining pace, the ALJ properly resolved the conflicting medical evidence and identified substantial evidence supporting his findings. Also, as to NP Harmon specifically, the ALJ discounted her opinion because it was unsupported by and inconsistent with the evidence (Tr. 25 (noting that NP Harmon's assertion of "low IQ or reduced intellectual functioning" was unsupported by actual intellectual testing and was inconsistent with Plaintiff's actual activities and that the treatment notes did not support the assertions of extreme limitations in concentration, memory, and attention)). *See* 20 C.F.R. §§ 416.913(a)(2) (definition of "medical opinion"), 416.920c(b)(2) (stating that medical opinion evidence is evaluated primarily for supportability and consistency).

This Court finds that substantial evidence supports the ALJ's finding that Plaintiff had moderate, rather than severe, mental limitations. Thus, remand is not warranted on this issue.

Next, Plaintiff argues that the VE's testimony supported her position that there are no jobs in the national economy that she can perform. Once a claimant establishes an inability to perform her past relevant work, an ALJ must determine whether the claimant retains the ability to perform a significant number of jobs existing in the national economy. 20 C.F.R. § 416.920(a)(4)(iv, v); *see, e.g., Tom v. Heckler*, 779 F.2d 1250, 1252 (7th Cir. 1985).

It is well-settled that an ALJ may rely on a VE's testimony as to the number of jobs compatible with a claimant's functional limitations. *See, e.g., Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (stating that where the VE identifies a significant number of jobs compatible with all of a claimant's functional limitations, "[u]nder the Act and the Secretary's regulations,

8

that fact requires a finding of no disability").

Here, it is undisputed that Plaintiff was unable to perform her past relevant work. (Tr. 25). Thus, the ALJ questioned the VE as to whether Plaintiff could perform other work (Tr. 63-64). In response, the VE identified occupations, compatible with Plaintiff's age, education, work experience, and functional limitations, and the numbers of jobs associated with those occupations (Tr. 63-64). The VE's testimony as to those occupations and the associated numbers of jobs (Tr. 26-27, 63-64) constituted substantial evidence supporting the ALJ's finding that Plaintiff could perform other work existing in significant numbers in the national economy, leading to the conclusion that Plaintiff was not disabled.

Plaintiff seems to rely on the VE's testimony in response to Plaintiff's own proposed functional limitations. However, Plaintiff has not shown that the functional limitations the ALJ cited to the VE were incorrect. Plaintiff's mere assertion of different functional limitations, which are not supported by the record, does not invalidate the ALJ's findings and decision.

To the extent that Plaintiff is attempting to argue that the ALJ's findings, as to Plaintiff's functional limitations, were somehow defective, Plaintiff has not made such an argument. At most, Plaintiff has stated her disagreement with the ALJ's findings, but that is not an argument. *See Krell*, 931 F.3d at 586 n.1 ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority," quoting *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016)). Plaintiff has devoted one short paragraph to this issue where she simply concludes that she "is unable to maintain gainful employment per the required guidelines". As noted, this conclusion is unsupported. As substantial evidence supports the ALJ's conclusion that there are jobs Plaintiff can perform, remand is not warranted.

9

<u>Conclusion</u>

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: October 7, 2021.

                                                s/ William C. Lee
                                                William C. Lee, Judge
                                                United States District Court